THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. CA84-03-021—Decided December 31, 1984.)

*George E. Pattison,* prosecuting attorney, *Richard Ferenc* and *Gregory Chapman,* for appellee.

*Milton Berner,* county public defender, for appellant.

KOEHLER, J. On December 21, 1983, appellant, James Richard Moore, while armed with a loaded revolver, entered a Clermont County business estab-

lishment, Mattress Warehouse. Moore took, at gunpoint, the cash register proceeds and personal property and money from six people who were present in the store, including the store's manager.

On January 18, 1984, the Clermont County Grand Jury indicted Moore on seven counts of aggravated robbery contrary to and in violation of R.C. 2911.01(A)(1). Each count contained a specification charging Moore with having a firearm on or about his person while committing the robberies. Moore was arrested and subsequently, pursuant to negotiations between the state and Moore's counsel, the state dismissed five counts of the indictment and Moore pleaded no contest to two counts of the indictment, i.e., the taking of the cash register proceeds and the robbery of the manager, and to the two firearm specifications. The trial court found Moore guilty of both counts of aggravated robbery and the firearm specifications. The trial court sentenced Moore to two three-year terms of actual incarceration to be served consecutively and, upon completion of the six years of actual incarceration, to begin serving two indeterminate, concurrent sentences of seven to twenty-five years.

Moore brings a timely appeal to this court.

Appellant's sole assignment of error is as follows:

"The trial court erred to the substantial prejudice of the defendant-appellant in sentencing defendant to two consecutive periods of actual incarceration, prior to the commencement of the serving of indefinite sentences, contrary to § 2929.71(B) of the Revised Code."

R.C. 2929.71(B) is a sentencing statute and provides as follows:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with *having a firearm on or about his person or under his control while committing the felonies,* each of the

three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies were committed as part of the same act or transaction. *If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses,* which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code." (Emphasis added.)

Moore argues that the trial court should have sentenced him to only one three-year term of actual incarceration instead of two three-year terms of actual incarceration since the robberies were part of the same transaction.

R.C. 2929.71 is a relatively new statute. It became effective on January 5, 1983. The statute was specifically amended, effective on July 1, 1983, to provide that "[i]f any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses * * *." R.C. 2929.71(B). See *State* v. *Fudge* (March 29, 1984), Clark App. No. 1873, unreported.

The term "same act or transaction" is not defined in the statute. However, "* * * the word 'transaction' is sufficiently flexible to comprehend any number of criminal offenses so long as such offenses have a logical relationship and are committed within a continuous time sequence." *Fudge, supra,* at 3.

In *Fudge,* the defendant was convicted of aggravated robbery and attempted murder. The defendant had forced the victim at gunpoint to turn over his money to the defendant and

then the defendant attempted to murder the victim. The court in *Fudge, supra,* at 4, held that the defendant could only be sentenced to one three-year term of actual incarceration because:

"[Although] * * * the conduct of the defendant embraced two readily identifiable crimes, * * * both stemmed from a common objective, and both developed from a single criminal adventure. In other words, each of the acts or occurrences which took place during the episode * * * was part and parcel of a single 'transaction,' and for this reason, Section 2929.71(B) allows for only one three-year term of actual incarceration."

In the case at bar, the theft of the cash register proceeds and the manager's personal property and money had a logical relationship, were committed within the same continuous time sequence, had a common objective and developed from a single criminal adventure. Therefore, the two felonies were part of the same transaction.

The state's argument that the multiple count statute, R.C. 2941.25, is applicable in construing R.C. 2929.71(B) is without merit. R.C. 2929.71(B) is premised on the fact that a defendant has already been convicted of two or more felonies. In order for a defendant to be convicted of two or more felonies arising out of the same course of conduct, the defendant must have had a separate animus as to each offense. R.C. 2941.25(B). Therefore, R.C. 2941.25(B) merely states when a defendant can be convicted of two or more offenses. R.C. 2929.71(B) states the sentencing consequences of being convicted of the two or more felonies that arose out of the same act or transaction. Therefore, R.C. 2941.25 has no relevance in determining a defendant's sentence of actual incarceration.

We conclude that, since under the facts and circumstances in the case at bar the two felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration is permissible.

The sole assignment of error is hereby sustained.

Accordingly, one of the two three-year terms of actual incarceration to which Moore was sentenced must be vacated and set aside, but in all other respects, the judgment of the Court of Common Pleas of Clermont County will be affirmed.

*Judgment accordingly.*

JONES and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.