THE STATE OF OHIO, APPELLEE, *v.* JENKINS, APPELLANT.

(No. 52835 — Decided November 23, 1987.)

*John T. Corrigan,* prosecuting attorney, and *Margaret M. Gardner,* for appellee.

*Gary M. Schweickart* and *Gloria Eyerly,* for appellant.

JOHN V. CORRIGAN, J. Petitioner-appellant, Leonard Jenkins, has been sentenced to death. His conviction and sentence have been affirmed on direct appeal to the court of-appeals and to the Ohio Supreme Court. See *State v. Jenkins* (Feb. 24, 1984), Cuyahoga App. No. 45231, unreported, affirmed (1984), 15 Ohio St. 3d 164, 15 OBR 311, 473 N.E. 2d 264. The case before us now involves the defendant's appeal

from the trial court's subsequent denial of post-conviction relief by virtue of a requested evidentiary hearing.

In summary, the procedural facts of this case are stated as follows: On October 23, 1981, Leonard Jenkins was charged in a twenty-one count indictment with the aggravated murder of Cleveland police officer Anthony Johnson, in violation of R.C. 2903.01(B). The charge included five specifications under R.C. 2929.04 (A)(3), (A)(5), (A)(6) and (A)(7). Appellant was also indicted for eight counts of aggravated robbery (R.C. 2911.01 and 2923.02); eight counts of kidnapping (R.C. 2905.01); one count of having weapons while under disability (R.C. 2923.13); and one count of possession of criminal tools (R.C. 2923.24).

The state dismissed one count of kidnapping and one count of attempted murder on February 22, 1982. Two additional counts of kidnapping were dismissed at the close of the state's case at trial.

Trial on all remaining counts, except the weapons disability charge, commenced on February 22, 1982. On March 26, 1982, the jury returned a verdict of guilty on all counts and specifications. On April 7, 1982, the jury recommended that appellant be sentenced to death for the aggravated murder of Officer Johnson.

On April 16, 1982, the trial court sentenced the appellant to death, setting the execution for October 21, 1982. On April 16, 1982, appellant filed a notice of appeal; the court of appeals stayed his sentence pending appeal.

On February 24, 1984, the court of appeals, after a *de novo* review, affirmed the jury's verdict and the trial court's judgment. The appellate court vacated the appellant's conviction for possession of criminal tools. The appellant's conviction and sentence were upheld by the Ohio Supreme Court.

The United States Supreme Court denied Jenkins' petition for writ of certiorari. See (1985), 472 U.S. 1032.

Pursuant to R.C. 2953.21, the appellant filed his petition for post-conviction relief with the trial court on June 20, 1986, an amendment on June 27, 1986, and a supplemental affidavit on September 3, 1986. The state of Ohio's motion to dismiss appellant's petition, filed July 26, 1986, was granted by the trial court. The trial court promptly filed its findings of fact and conclusions of law. From this judgment the appellant now brings this appeal.

Appellant brings one assignment of error:

"The trial court erred in granting the state's motion to dismiss appellant's post-conviction petition, in failing to hold an evidentiary hearing, and in finding that some of appellant's claims were barred by *res judicata.*"

This assignment of error is not well-taken.

Appellant's petition for post-conviction relief, made pursuant to R.C. 2953.21, requested an evidentiary hearing to review facts and circumstances which the appellant-petitioner asserted were not apparent on the record and which resulted in a voidable judgment under the guarantees of the United States and Ohio Constitutions.

R.C. 2953.21, providing for post-conviction remedies, is available to "[a]ny person convicted of a criminal offense * * * claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *."

R.C. 2953.21 further provides:

"(C) *Before granting a hearing, the court shall determine whether there are substantive grounds for relief.* In making such a determination, the court

shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. *If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.*" (Emphasis added.)

When no substantial constitutional issue is established so as to sustain a claimed denial of rights, a petition for post-conviction relief must be dismissed. *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 71 O.O. 2d 26, 325 N.E. 2d 540. Furthermore, with a few recognized exceptions,[1] the Ohio Supreme Court has found *res judicata* a proper basis upon which to base the dismissal of a petition for post-conviction relief. *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 180, 39 O.O. 2d 189, 192, 226 N.E. 2d 104, 108.

In *Perry,* the Ohio Supreme Court found:

"* * * Under the doctrine of *res judicata,* a final judgment of conviction *bars the convicted defendant from raising* and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.*" (Emphasis added.) *State* v. *Perry, supra,* at 180, 39 O.O. 2d at 192, 226 N.E. 2d at 108.

Appellant's petition for post-conviction relief asserted that he was denied the effective assistance of counsel at trial and that, as a consequence, his conviction and sentence are voidable pursuant to R.C. 2953.21. Ineffective assistance of counsel was not raised as an issue on direct appeal either in the court of appeals or to the Ohio Supreme Court.

Trial counsel has admitted in an affidavit that the thrust of the trial defense "was predicated on admitting the defendant's involvement and seeking a lesser finding of involuntary manslaughter under the circumstances of the case." This, appellant claims, was a tactical error that prejudiced his defense, since the tactic precluded the trial counsel from introducing mitigating evidence on the aggravated murder charge. As a result, appellant claims that at trial he was denied the effective assistance of counsel.

The discretion afforded the trial court clearly establishes the prerogative of the court in refusing to instruct the jury on the lesser offense of involuntary manslaughter upon its finding that facts established at trial did not weigh against the state on the issue of specific intent to kill. See *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149. Appellant was convicted of aggravated murder and, as no mitigating evidence had been established, appellant received the death sentence. The court of appeals and the Ohio Supreme Court affirmed. See *State* v. *Jenkins, supra.*

Appellant was represented by new counsel on direct appeal to the court of appeals and to the Ohio Supreme Court. However, appellant did not raise his claim of ineffective assistance

---

[1] See *State* v. *Cole* (1982), 2 Ohio St. 3d 112, 114, 2 OBR 661, 663, 443 N.E. 2d 169, 171 (modifying *State* v. *Hester* [1976], 45 Ohio St. 2d 71, 74 O.O. 2d 156, 341 N.E. 2d 304); see, also, *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 71 O.O. 2d 26, 325 N.E. 2d 540; *State* v. *Carter* (C.P. 1973), 36 Ohio Misc. 170, 65 O.O. 2d 276, 304 N.E. 2d 415.

of counsel or the related claims as to trial counsel's tactical decisions until after he had exhausted his direct appeals and then subsequently made his petition for post-conviction relief.

In its modification of *State* v. *Hester, supra,* the Ohio Supreme Court determined:

"Where defendant, *represented by new counsel upon direct appeal,* fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for post-conviction relief." (Emphasis added.) *State* v. *Cole, supra,* at paragraph one of syllabus.

This court recognizes the acclaimed commitment of the public defender's office in diligently defending the rights of the criminally accused. Appellant claims that, notwithstanding *Cole, supra,* he was precluded from raising his ineffective assistance claim on direct appeal because both trial counsel and appellate counsel were appointed from the public defender's office. We find no merit to this argument.

Nonetheless, on its dismissal of appellant's petition, the trial court's findings of fact and conclusions of law addressed the appellant's claims that were premised on the purportedly prejudicial impact of trial counsel's defense tactics. The court found that "the petitioner has failed to provide this Court with sufficient operative facts or evidentiary documents which show that ineffective assistance of counsel was provided * * *." The court's finding thereby reflects the appellant's failure to establish a claim of ineffective assistance of counsel. He has failed to show to the satisfaction of the trial court that there has been a *substantial violation* of an *essential duty* owed to him by counsel. See

*Strickland* v. *Washington* (1984), 466 U.S. 668; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623.

Without discounting the validity of the trial court's conclusion that appellant-petitioner's ineffective assistance claim was without merit, the doctrine of *res judicata* also precludes the appellant from raising the ineffective assistance of counsel claim as well as any other claims that *could have been raised on direct appeal.* See *State* v. *Cole, supra,* and *State* v. *Perry, supra.*

For this reason, the trial court was operating within the bounds of its discretion in discounting the prejudicial impact of fraudulent representation as to his credentials made by the ballistics expert presented at trial by appellant's counsel. Appellant has failed, under the evidentiary requirements set forth in *Strickland, supra,* and *Lytle, supra,* to establish the reasonable likelihood, in view of overwhelming evidence to the contrary, that a more credible ballistics expert would have effected a different outcome in the judgment or sentence rendered against the appellant-petitioner.

The trial court, in its findings of fact and conclusions of law, corroborated its finding that appellant had failed to adequately establish ineffective assistance of counsel, notwithstanding the applicability of *res judicata,* by quoting *State* v. *Lytle, supra,* at 396-397, 2 O.O. 3d at 498, 358 N.E. 2d at 627:

"First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, * * * there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. * * *"

Appellant-petitioner makes additional claims that United States

Supreme Court decisions,[2] rendered after appellant had exhausted his direct appeals, further warrant a hearing on the claims raised on his petition for post-conviction relief. This argument has no merit, and has been appropriately dismissed by the trial court under the doctrine of *res judicata*. See *Perry, supra*. The recent United States Supreme Court decisions may well have inspired appellant to raise new claims on his petition for post-conviction relief, but we are not convinced that on direct appeal appellant was precluded from *raising* the claims that the Supreme Court decisions inspired.

As mentioned previously concerning the issue of ineffective assistance of counsel, apart from a few narrow exceptions, issues which have been or should have been raised on direct appeal may not be considered in post-conviction proceedings. *State* v. *Ishmail* (1981), 67 Ohio St. 2d 16, 21 O.O. 3d 10, 423 N.E. 2d 1068; *State* v. *Perry, supra*.

In another recent Supreme Court case, *Griffith* v. *Kentucky* (1987), 479 U.S. 314, the court addressed the retroactive application of the law handed down in *Batson* v. *Kentucky* (1986), 476 U.S. 79. The court held that new rules for the conduct of criminal prosecutions are "to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exceptions for cases in which the new rule constitutes a 'clear break' with the past." *Griffith, supra*, at 328. The court was clear as to the retroactive application of *Batson, supra*, and other new criminal procedural rules: retroactive applica-

tion of new rules is only available on decisions "pending on direct review or not yet final * * *." *Id.*

The trial court acted appropriately in summarily dismissing the appellant's new claims raised under the authority of recent Supreme Court decisions. The trial court appropriately found appellant's new claims barred by *res judicata*; these claims do not merit retroactive application of new rules after appellant has exhausted his direct appeals. See *State* v. *Perry, supra*.

Accordingly, the trial court appropriately dismissed appellant's petition for post-conviction relief pursuant to R.C. 2953.21 since appellant has failed to establish a substantial constitutional issue so as to sustain a claimed denial of rights.

*Judgment affirmed.*

Pryatel, P.J., and Dyke, J., concur.

---

[2] These included: *Skipper* v. *South Carolina* (1986), 476 U.S. 1; *California* v. *Brown* (1986), 479 U.S. 538; *Batson* v. *Kentucky* (1986), 476 U.S. 79; *Caldwell* v. *Mississippi* (1985), 472 U.S. 320.