**State v. Taylor**
**Case No. CA89-04-064**
**Butler County, (12th)**
**Decided February 26, 1990**
[Cite as 1 AOA 451]

452

John F. Holcomb, Butler County Prosecuting Attorney, Robert N. Piper III, 216 Society Bank Building, Hamilton, Ohio 45012-0515, for plaintiff-appellee.

Clarence H. Taylor, 191-811, Marion Correctional Institution, P. O. Box 57, Marion, Ohio 43302, pro se.

YOUNG, J.

This case is on appeal by defendant-appellant, Clarence H. Taylor, from a judgment of the Butler County Court of Common Pleas wherein appellant's petition for post-conviction relief was dismissed.

Appellant was arrested on May 6, 1986 for various acts of burglary and an attempted rape occurring in Oxford, Ohio. A preliminary hearing was held on May 13, 1986 in the Butler County Court, Area I, Oxford, Ohio, whereby appellant was bound over to the Butler County Grand Jury on three counts of aggravated burglary and one count of attempted rape, contrary to R.C. 2911.11 (A) (3) and R.C. 2923.02(A).

On June 2, 1986, appellant entered a guilty plea on two counts of aggravated burglary. The pleas stemmed from a four-count information, filed at appellant's request, which charged him with three counts of aggravated burglary and one count of attempted rape. As a result of plea bargaining and in exchange for his two guilty pleas, the prosecution nolled the two remaining counts of the information. Appellant's sentencing on the two charges was set for July 8, 1986. However, on June 25, 1986, appellant filed a motion to withdraw his guilty pleas.

Following the filing of appellant's motion to withdraw his guilty pleas, appointed attorneys, Brian G. Grevey and Frank Schiavone, withdrew from the case. Substitute counsel, Patricia Oney and Dan Herr, were accordingly appointed. A hearing on appellant's motion was then conducted on July 17, 1986. Subsequently, the trial court denied appellant's motion to withdraw his plea and sentenced him to consecutive terms of from six to twenty-five years on each count. Appellant appealed the conviction and judgment of the trial court overruling his motion to withdraw his guilty pleas. This court affirmed the lower court's decision in State v. Taylor (Mar. 2, 1987), Butler App. No. CA86-07-117, unreported.

On March 15, 1989, appellant filed pro se a petition for post-conviction relief alleging ineffective assistance of counsel in connection with his entry of guilty pleas. Thereafter, the state filed an answer and motion to dismiss on March 17, 1989 which was granted by the court below on April 14, 1989.

Appellant now brings the instant appeal setting forth the following assignments of error:

ASSIGNMENT OF ERROR NO. 1:
"The trial court erred to the prejudice of defendant/appellant in dismissing his petition for post-conviction relief."

ASSIGNMENT OF ERROR NO. 2:
"The trial court erred to the prejudice of the defendant/appellant in not granting his motion for an evidentiary hearing on his petition for post-conviction relief."

ASSIGNMENT OF ERROR NO. 3:
"The defendant/appellant was denied the effective assistance of trial counsel during the course of the trial proceedings as guaranteed by the 5th, 6th [and] 14th Amendments to the United States Constitution, and Article One of the Ohio Constitution."

ASSIGNMENT OF ERROR NO. 4:
"The defendant/appellant was denied his right to Due Process as defined by the United States Constitution, Fourthtenth [sic] Amendment where the prosecution threatened to increase charge from second degree felony to first degree felony if defendant did not plead guilty."

Appellant asserts in this appeal that the lower court improperly dismissed his petition for post-conviction relief when the evidence did in fact indicate a substantive ground for relief. Essentially, appellant maintains that trial counsel breached a pre-trial duty to properly investigate the facts surrounding charges of aggravated burglary and rape, rendering such representation by counsel ineffective. Accordingly, we will hereinafter discuss

appellant's appeal in terms of whether a claim of ineffective assistance of counsel is subject to dismissal on *res judicata* grounds.

R.C. 2953.21 provides post-conviction relief for "any person convicted of a criminal offense * * * claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21 further provides:

"(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."

The Ohio Supreme Court has previously found *res judicata* to be a proper basis upon which to dismiss a petition for post-conviction relief under R.C. 2953.21 without a hearing. *State* v. *Cole* (1982), 2 Ohio St. 3d 112; *State* v. *Perry* (1967), 10 Ohio St. 2d 175. In *Perry*, *supra*, the court found:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment."

*Id.* at paragraph nine of the syllabus.

However, the absolute application of the doctrine of *res judicata* with respect to a post-conviction relief proceeding on the basis of ineffective assistance of counsel has been modified.[1] In *Cole*, *supra*, an exception to the rigid rule of *res judicata* was found by the court as follows:

"Where the defendant represented by new counsel upon direct appeal fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without *resort* to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for post-conviction relief." (Emphasis added.)

Appellant contends in his petition for post-conviction relief that he was denied the effective assistance of counsel in entering his guilty plea, and as a consequence, his conviction and sentence are voidable pursuant to R.C. 2953.21. This ineffective assistance of counsel argument was not raised as an issue on direct appeal.

In the court below, appellant's petition for post-conviction relief was dismissed as a matter of law on grounds of *res judicata*. Thus, the substantive claim concerning the ineffective assistance of counsel was never addressed even though evidence outside of the record supported appellant's assertions.

The trial court relied on *State* v. *Jenkins* (1987), 42 Ohio App. 3d 97, as a basis for dismissing appellant's petition. The appellant in *Jenkins*, *supra*, was tried and convicted by a jury of aggravated murder and sentenced to death. The Cuyahoga County Court of Appeals and Ohio Supreme court affirmed the direct appeal. However, the case was once again before the court of appeals for failure by the trial court to grant an evidentiary hearing in connection with post-conviction relief.

The court in *Jenkins*, *supra*, subsequently held:

"A petition for post-conviction relief, filed pursuant to R.C. 2953.21, alleging that the petitioner was denied the effective assistance of counsel during his trial, is subject to dismissal on *res judicata* grounds where the petitioner had new counsel on the direct appeal of his conviction and where the claim of ineffective assistance of trial counsel could have been, but was not, raised on direct appeal."

*Id.* at the syllabus.

However, in the instant case, appellant directed the court's attention to substantial

454

evidence outside of the record which could possibly establish an ineffective assistance of counsel claim, thereby precluding the application of *res judicata*.

In addition, *Jenkins, supra,* and *Cole, supra,* both mandate that for the doctrine or *res judicata* to be applicable in a post-conviction relief proceeding concerning the effective assistance of counsel, the petitioner must have had new counsel on direct appeal. The record in the case *sub judice* indicates that appellant did not have "new counsel" for the first time on direct appeal. Appellant's initial appointed counsel at trial withdrew upon the filing of a motion to withdraw guilty pleas. Thereupon, substitute counsel was appointed by the court. The substitute counsel represented appellant in the hearing to withdraw his prior guilty pleas, sentencing and direct appeal. Therefore, the threshold requirement of representation by "new counsel" on direct appeal has not been established in these circumstances thereby barring *res judicata*.

The purpose or reason for appellant's guilty plea arrangement was for the avoidance of going to prison as a sex offender. Clearly, the deal was met since the sex offense was nolled by the prosecution. However, appellant insists that his trial counsel failed to investigate the facts would have revealed inconsistencies in police reports and search warrants. See *State* v. *Lytle* (1976), 48 Ohio St. 2d 391. As a result, appellant claims that the absence of this information caused him to enter a guilty plea in return for nolling the rape charge.

A petitioner who alleges ineffective assistance of counsel in a post-conviction relief proceeding must establish through evidence that trial counsel substantially violated an essential duty to his client and that the violation was prejudicial, in order to receive a hearing on the petition. *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, syllabus. The Ohio Court in *Cole, supra,* states:

"Generally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*.

*Id.* at 114.

In the case at bar, appellant, together with his petition, submitted substantial evidence concerning facts outside of the record which were apparently not communicated to him at the time of trial. Accordingly, the trial court's application of the doctrine of *res judicata* to dismiss appellant's petition, cannot be justified without reviewing the merits of appellant's contentions.

Appellant further claims in his petition and appellate brief that the plea bargain entered into at trial was an involuntary waiver of his constitutional rights. In effect, appellant maintains that the trial court abused its discretion in accepting the plea and refusing to allow appellant to withdraw the plea.

It is well settled that if a claimed denial of constitutional rights, with the notable exception concerning the effectiveness of counsel, was raised at trial or on appeal, or could have been raised at trial or on direct appeal from a conviction, it is considered barred in a post-conviction relief proceeding by *res judicata*. *State* v. *Ishmail* (1981), 67 Ohio St. 2d 16; *Perry, supra.* Appellant's assertions involving his waiver and the voluntariness of his initial plea bargain are therefore precluded through *res judicata* since these issues were previously adjudicated in our prior decision of *State* v. *Taylor* (Mar. 2, 1987), Butler App. No. CA86-07-117, unreported.

Accordingly, appellant's assignments of error concerning his ineffective assistance of counsel argument are well-taken with respect to the lower court's improper dismissal on *res judicata* grounds. Nothing in this decision should be construed as an indication that appellant's claims have or do not have merit. We are merely indicating that the lower court has as a duty to conduct further proceedings. Therefore, we sustained these assignments of error and remand the cause to the court below for proceedings to determine whether substantive grounds exist for the prayed for relief.

KOEHLER, J., Concurs.
JONES, P. J., Dissents.

JONES P. J., dissenting:

It is apparent that appellant's claim that he was denied effective assistance of counsel relates to *original* counsel appointed to represent him following his arrest. Appellant claims that attorneys Bryan G. Grevey and Frank Schiavone "failed to investigate the facts" and "induced defendant to plead guilty without knowing the facts." New counsel was

appointed in the trial court when appellant sought to withdraw his guilty plea. Such newly appointed counsel, Patricia Oney and Daniel Hurr, were unsuccessful in their efforts to withdraw the guilty plea. The evidence disclosed that appellant was a college graduate and within a few weeks of obtaining his master's degree at Miami University when he pleaded guilty to two counts of aggravated burglary. We held at his first appeal that the transcript of the hearing on his motion to withdraw his plea revealed that his guilty plea was prompted by his desire to avoid going to prison as a sex offender. The information to which appellant pleaded guilty did not contain a specification under R.C. 2941.142 as to appellant's prior convictions for rape, kidnapping, and burglary. Appellant clearly benefited by virtue of the plea bargain reached by his initial counsel. Appellant's new counsel were in no way enjoined from asserting the ineffectiveness of initial counsel, when attempting to set the guilty plea aside, or no direct appeal. *Res judicata* therefore applies. *State* v. *Cole* (1982), 2 Ohio St. 3d 112. Furthermore, I would hold, as did the court in *Cole, supra,* that the claimed evidence *dehors* the record submitted by appellant in his petition for post-conviction relief is so specious that it can hardly be said to establish or support an issue or claim that could not have been raised upon direct appeal.

This case began with appellant's arrest on May 6, 1986, following a reign of terror on the campus of Miami University. Aware of his guilt, appellant chose to enter guilty pleas by way of information prior to any indictment.

He thereby successfully avoided being sentenced as a sex offender, and also avoided a harsher sentenced would have been probable because of his conviction for prior aggravated felonies. His victims in this case may now have left the campus area and be unavailable for trial testimony. As the Ohio Supreme Court stated in *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, at 51:

> "It may be useful to note that cases of post-conviction relief pose difficult problems for courts, petitioners, defense counsel and prosecuting attorneys alike. Cases long considered to be fully adjudicated are reopened, although memories may be dim and proof difficult. The courts justifiably fear frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose."

The alleged substantive evidence outside the record is totally insufficient to negate appellant's guilty plea, and it would be unconscionable to permit the case to be reopened. I would affirm the trial court.

---

[1] See *State* v. *Cole* (1982), 2 Ohio St. 3d 112; *State* v. *Hester* (1976), 45 Ohio St. 2d 71; *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46; *State* v. *Carter* (1973), 36 Ohio Misc. 170.