The STATE of Ohio, Appellee,

v.

WHITE, Appellant.

[Cite as *State v. White* (1991), 71 Ohio App.3d 550.]

Court of Appeals of Ohio,
Athens County.

No. 1441.

Decided March 26, 1991.

C. *David Warren*, Assistant Prosecuting Attorney, for appellee.

*Mary Wortman* and *Michael T. White, pro se,* for appellant.

HARSHA, Judge.

This is an appeal from a judgment entered by the Athens County Common Pleas Court dismissing the petition for post-conviction relief filed by Michael T. White, defendant-appellant.

■ Appellant assigns the following errors in his initial *pro se* brief.[1]

---

1. On February 5, 1990, appellant filed a *pro se* appellate brief. On March 29 and May 29, 1990, appellant's appointed counsel filed an appellate brief and a reply brief. On May 31, June 11, and July 3, 1990, appellant filed three additional *pro se* briefs, raising numerous other assignments of error. It is our duty to determine the appeal on the assignments of error set forth in the briefs required by App.R. 16. App.R. 12(A). App.R. 16 provides for a brief for the appellant, a brief for the appellee, and a reply brief, noting that "[n]o further

### Assignment of Error No. 1

"The trial court erred in dismissing the petition for relief after judgment on ground of the trial court erred to the substantial prejudice of the defendant in sentencing him to two consective [*sic*] periods of actual incarceration, prior to the commencement of serving of indefinate [*sic*] sentences, contrary to R.C. 2929.71(A) and (B) of the Ohio Revised Code."

### Assignment of Error No. 2

"The trial court erred in dismissing the petition for relief after judgment on ground of the trial court erred in adding to the sentences imposed upon the defendant three years of actual incarceration per sentence where the record is completely devoid of any evidence that defendant had on or about his person or under his control a workable firearm in the commission of the offenses charged."

Appellant assigns the following error through his appointed attorney:

"The trial court erred in denying defendant-appellant's first assignment of error in his petition for post-conviction relief on grounds that appellant's two felonies do not constitute a single act or transaction."

On November 29, 1983, an Athens County Grand Jury returned an indictment against appellant charging him with one count of aggravated burglary, two counts of aggravated robbery, and one count of felonious assault, with firearm specifications on each count. Appellant subsequently entered a plea of not guilty to the charges in the indictment, and following a jury trial, the jury returned verdicts finding appellant guilty of all charges specified in the indictment. On April 20, 1984, the trial court entered a judgment reflecting the jury verdicts and sentenced appellant on the aggravated burglary and felonious assault counts along with the firearm specifications with respect to those counts. The sentences with respect to the firearm specifications were three years of actual incarceration each, with such terms to be served consecutively to each other and also to be served prior to and consecutive to the other sentences.

---

briefs may be filed except with leave of court." Accordingly, the Appellate Rules do not allow the additional *pro se* briefs filed by appellant absent prior leave of this court. Since appellant did not seek leave of court to file these additional briefs, we will not consider the arguments contained therein and our determination is limited to the arguments in his first *pro se* brief as well as the two briefs filed by his appellate counsel. We further note that neither the United States nor Ohio Constitution mandates a hybrid representation allowing a *pro se* appellant with appointed counsel to file briefs in addition to those filed by his attorney. *State v. Thompson* (1987), 33 Ohio St.3d 1, 6–7, 514 N.E.2d 407, 413–414. However, we choose to address the arguments raised in appellant's initial *pro se* brief in the case at bar.

On appeal from the April 20, 1984 trial court judgment of conviction and sentence, this court affirmed the judgment. *State v. White* (May 23, 1986), Athens App. No. 1230, unreported, 1986 WL 6048. On December 27, 1989, appellant filed a *pro se* petition for post-conviction relief pursuant to R.C. 2953.21. He asserted that the trial court erred in sentencing him to two consecutive terms of actual incarceration for firearm specifications where the aggravated burglary and felonious assault arose from the same criminal objective. He further argued there was no evidence that he had on or about his person or under his control an operable firearm in the commission of the offenses for which he was convicted and sentenced. On January 18, 1990, the trial court entered a detailed judgment dismissing appellant's petition for post-conviction relief. It is from this judgment that he now appeals.

Appellant's first *pro se* assignment of error and his first assignment of error as briefed by his appointed appellate counsel raise the same issue and will be considered jointly. They assert that appellant was entitled to post-conviction relief where he was sentenced to consecutive terms of actual incarceration for firearm specifications to the offenses of aggravated burglary and felonious assault since both offenses arose from a single act or transaction.

R.C. 2929.71 provides, in pertinent part, as follows:

"(B) *If an offender is convicted of,* or pleads guilty to, *two or more felonies and two or more specifications charging him with having a firearm* on or about his person or under his control while committing the felonies, *each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with,* and prior to, *the* life sentences or *indefinite terms of imprisonment imposed* pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, *unless any of the felonies were committed as part of the same act or transaction.* If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code." (Emphasis added.)

Accordingly, pursuant to R.C. 2929.71(B), only one three-year term of actual incarceration for firearm specifications can be imposed by the trial court where the felonies charged were committed as part of the "same act or transaction." The phrase "same act or transaction" is not defined in the Revised Code. However, several courts have applied the following definition to the foregoing phrase:

"We have examined the unreported cases in Ohio regarding the meaning of 'same act or transaction.' Essentially, the reviewing courts have held that the word 'transaction,' used in R.C. 2929.71, contemplates a series of criminal offenses which develop from a single criminal adventure, bearing a logical relationship to one another, and bound together by time, space, and purpose directed toward a single objective." *State v. Crawford* (Feb. 6, 1986), Franklin App. No. 85AP–324, unreported, 1986 WL 1715; *State v. Dixon* (May 16, 1989), Franklin App. No. 88AP–558, unreported, 1989 WL 52966; *State v. Moore* (1984), 20 Ohio App.3d 75, 20 OBR 95, 484 N.E.2d 756; *State v. Hughley* (1984), 20 Ohio App.3d 77, 20 OBR 97, 484 N.E.2d 758; *State v. Fudge* (Mar. 29, 1984), Clark App. No. 1873, unreported.

Appellee asserts that the phrase "same act or transaction" in R.C. 2929.-71(B) should be defined in reference to the R.C. 2941.25 test of whether crimes were committed separately or with a separate animus. See, *e.g.*, *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus. However, as noted by the Tenth Appellate District in *Crawford, supra:*

"Notwithstanding the fact that the offenses of felonious assault and aggravated robbery committed by appellant were of dissimilar import and committed with a separate animus, we find that, under the circumstances of this case, both felonies were part of the same transaction, as contemplated by the General Assembly. Had the General Assembly intended to embody in R.C. 2929.71 precisely the same concept found in R.C. 2941.25, it would have used the same terminology. By using broader language, it envisioned a broader concept. Here, the separate offenses were committed in the same time sequence, at the same location. They were logically connected, and they arose out of a common objective. Therefore, appellant's first assignment of error is sustained; the second three-year term of actual incarceration is vacated and set aside."

■ Consequently, we agree with appellant's contention that the "same act or transaction" determination should not be made in reference to the separate animus test of R.C. 2941.25. See, also, *Moore, supra,* 20 Ohio App.3d at 77, 20 OBR at 97, 484 N.E.2d at 758. However, we further note that the trial court did not refer to R.C. 2941.25 in its judgment entry dismissing appellant's post-conviction petition. Instead, the trial court relied on two appellate decisions, *State v. Walker* (July 16, 1987), Franklin App. No. 86AP–816, unreported, 1987 WL 14235, and *State v. Lowe* (Aug. 12, 1985), Allen App. No. 1–84–5, unreported, 1985 WL 7361.

In *Walker*, the Tenth Appellate District, in a case following its *Crawford* decision, upheld the imposition of two three-year terms of actual incarceration for firearm specifications to aggravated robbery and felonious assault

charges where the defendant robbed an individual in a restaurant of her purse at gunpoint and, while leaving the restaurant, fired at a police officer. The *Walker* court applied the *Crawford* definition of "same act or transaction" and determined that the two felonies were not the "same act or transaction" pursuant to R.C. 2929.71(B) for the following reasons:

"Here, appellant's separate offenses were committed in sequence and occurred in close proximity to one another. They were not, however, logically connected, nor did they arise out of a common objective. One may commit an aggravated robbery, and surrender to pursuing officers. If one turns and fires on those pursuing officers, that is an entirely separate offense."

Similarly, in *Lowe*, the Third Appellate District held, by utilizing the dictionary definitions of the terms "act" and "transaction" and additionally relying upon R.C. 2941.25, that a store robbery and shots at police officers upon appellant's flight from the store constituted separate acts or transactions for application of R.C. 2929.71(B).

Appellant argues that the trial court's reliance on *Walker* and *Lowe* was erroneous since both cases improperly applied the R.C. 2945.71 test for separate offenses instead of the "same act or transaction" test of R.C. 2929.71(B). However, it is apparent that the *Walker* court applied the definition utilized in *Crawford, supra,* rather than R.C. 2945.71 and, furthermore, although the *Lowe* court used R.C. 2945.71 in its analysis, it also relied upon the common definitions of the R.C. 2929.71(B) terminology, which it could properly use pursuant to R.C. 1.42. Therefore, although we recognize that this case presents an arguably close issue, we are persuaded that pursuant to *Walker* and *Lowe, supra,* and factually distinguishable from the numerous appellate cases cited by appellant, the aggravated burglary and felonious assault offenses committed by appellant were not the "same act or transaction" for purposes of R.C. 2929.71(B).

In the case at bar, appellant broke into the house of Garnet Fletcher with a firearm on or about his person and, following his commission of the crime of aggravated burglary, shot at Athens Police Officer Ernest Antle, thereby committing the felonious assault offense. Although both offenses were committed in sequence and in close proximity to one another, they did not necessarily arise from a common objective, *i.e.,* the single objective of the aggravated burglary was to deprive Fletcher of her property whereas the objective of the felonious assault was to escape capture. *Walker, supra; Lowe, supra;* cf. *Crawford, supra* (felonious assault and aggravated robbery offenses were the same act or transaction where during the robbery, the defendant shot the person he was attempting to rob); *Moore, supra* (aggravated robberies were the same act or transaction where a defendant stole both

cash register proceeds from the store and personal property and money from the store manager); *Fudge, supra* (aggravated robbery and attempted murder offenses were the same act or transaction where the defendant had forced the victim at gunpoint to turn over his money to the defendant and then the defendant attempted to murder the victim).

Accordingly, since the two felonies that were committed by appellant were not committed with a similar "purpose directed toward a single objective," *Crawford, supra,* the trial court did not err in rejecting appellant's assertion in his petition for post-conviction relief that his consecutive sentences for the two related firearm specifications were in contravention of R.C. 2929.71(B). Appellant's first assignments of error are overruled.

■ Appellant's *pro se* second assignment of error asserts that the trial court erred in dismissing his petition for post-conviction relief because, at trial, the state failed to prove beyond a reasonable doubt that appellant had on or about his person or under his control an operable firearm.

■ R.C. 2923.11(B) and 2929.71(A) require that, prior to imposition of an additional term of three years' actual incarceration for possession of a firearm during the commission of a felony, the state must prove beyond a reasonable doubt that the firearm was operable or could readily have been rendered operable at the time of the offense. *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, syllabus. However, proof of operability may be established by the totality of the surrounding facts and circumstances, *i.e.,* testimony as to gunshots, smell of gunpowder, bullets or bullet holes, and testimony of lay witnesses who were in a position to observe the instrument. *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932; *Gaines, supra.*

■ In the instant case, Fletcher, Athens Patrolman Kenneth Romine, and Athens Police Captain Clyde Beasley testified as to the presence of a bullet hole in Fletcher's bedpost that could not be accounted for by the shots fired by law enforcement officers. Patrolman Gary Crabtree testified to having heard a shot within the Fletcher residence while appellant was inside the Fletcher residence and that he saw appellant exit the house with a gun in his hand. Finally, Officer Antle testified that appellant, upon fleeing the Fletcher home, fired shots at him, one of which caused a bullet hole in his boot and injury to his foot. Pursuant to *Gaines* and *Murphy, supra,* this was sufficient evidence of operability to support the firearm specification convictions.[2] Accordingly, in that the trial court did not err in dismissing appellant's

---

**2.** Appellant's petition for post-conviction relief was properly dismissed for an additional reason. Under the doctrine of *res judicata,* a final judgment of conviction bars the

petition for post-conviction relief, appellant's *pro se* second assignment of error is overruled, and the judgment of the trial court is affirmed.[3]

*Judgment affirmed.*

STEPHENSON, P.J., and GREY, J., concur.

---

convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus; *State v. Jenkins* (1987), 42 Ohio App.3d 97, 536 N.E.2d 667. In that appellant could have raised the issues in his petition for post-conviction relief in his prior appeal from the judgment of conviction and sentence but failed to do so, his petition was properly dismissed.

3. We note that appellant has filed numerous other *pro se* motions in this court. Upon review of such motions, we find them to be meritless and consequently overrule them. We further note that on July 19, 1990, appellant filed an appeal from a July 6, 1990 entry of the trial court. In that this subsequent appeal does not involve the matters that are the subject of the instant appeal, we need not address any motions directed to the subsequent appeal in the context of this opinion.