Although I concur with the majority's disposal of the first two assignments of error, I must respectfully dissent from the majority's opinion because I disagree with its conclusion that an attorney should be allowed to argue his or her own effectiveness on appeal. Allowing an attorney to make such an argument places too great a strain on the attorney-client relationship. I would find the alternative forms of review, such as habeas or post-conviction relief petitions, adequately protect a defendant's right to present an ineffective assistance of trial counsel argument. Accordingly, I would disregard Harris' third assignment of error.
In his third assignment of error, Harris asserts his trial attorney's failure to object to the type of jury selected and the process used to pool potential jurors in his case deprived him of the effective assistance of counsel. To sustain his claim of ineffective assistance of counsel, Harris must demonstrate his counsel's performance was deficient and the deficient performance prejudiced his defense. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish his counsel's performance was deficient, Harris must demonstrate his counsel's representation fell below an objective standard of reasonableness. Id. A showing of prejudice does not depend solely on whether the outcome of the trial would have been different but for counsel's errors. See Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838. Rather, the appropriate inquiry is whether "counsel's performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." Id. at 370, 113 S.Ct. at 844.
What distinguishes this case from most cases addressing whether trial counsel was ineffective is that on appeal Harris is represented by the same counsel he had at the trial court level. As the majority notes, various Ohio courts have held a defendant who is represented by the same counsel at trial and on the direct appeal that follows the trial, cannot make a claim of ineffective assistance of counsel on appeal. State v.Leahy (Dec. 20, 2000), 6th Dist. No. F-00-011; State v. Tinch (1992),84 Ohio App.3d 111, 126, 616 N.E.2d 529; State v. Jones (Nov. 29, 1996), 11th Dist. No. 96-A9. "Counsel cannot be expected to argue their own ineffectiveness." State v. Dunlap (2000), 89 Ohio St.3d 277, 278,730 N.E.2d 985.
As the majority correctly demonstrates in its analysis of Tinch, these decisions have not been built on the strongest of foundations. Cases allowing offenders to argue ineffective assistance of trial counsel in their petitions for post-conviction relief, such as State v. Cole
(1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169, shed no light on whether counsel on direct appeal should be allowed to argue their own ineffectiveness at trial. Nevertheless, there are compelling reasons to prohibit an attorney from making such an argument.
The first reason we should not allow an attorney to argue their own ineffectiveness is because of the inherent conflict this creates in the attorney-client relationship. An attorney is prohibited from assuming a position that would make his judgment less protective of the interests of his client, E.C. 5-2, because an attorney is under the duty to zealously represent that client. DR, 7-106, E.C. 7-1. Surely this attorney could take no position which would create more conflict between his interests and his client's interests than to say his own performance was ineffective during his client's trial. Furthermore, allowing this argument could encourage an attorney to build fees by being ineffective at trial rather than encouraging the attorney to aggressively represent his client's interests.
This court has the inherent power to regulate the practice before it and to protect the integrity of its proceedings. Royal Indem. Co. v.J.C. Penney Co., Inc. (1986), 27 Ohio St.3d 31, 33-34, 27 OBR 447,501 N.E.2d 617. This power includes the "authority and duty to see to the ethical conduct of attorneys." Id., quoting Hahn v. Boeing Co. (1980),95 Wn.2d 28, 34, 621 P.2d 1263. Allowing Harris' counsel to make this argument would be detrimental to the attorney-client relationship and seriously injure counsel's ability to zealously represent his client. If counsel truly was ineffective at trial, then Harris should either get new counsel for his direct appeal or file a post-conviction petition with the aid of new counsel.
Another compelling reason to disregard this assignment of error is that when an offender is represented by the same counsel at trial and on direct appeal, res judicata does not bar that offender from raising the issue of ineffective assistance of counsel in a post-conviction petition. See Cole, supra. Thus, even if we were to consider whether or not Harris' counsel was ineffective at trial, Harris is not precluded from raising this issue in post-conviction proceedings, regardless of how we would resolve it. Addressing this assignment of error would result in an impermissible advisory opinion, as it would settle nothing and carry no weight in the future.
Finally, prohibiting attorneys from making this argument on direct appeal does not prevent the judicial system from reviewing the merits of the argument. "The proper avenue for bringing an ineffective assistance of counsel claim when the defendant has the same counsel at both the trial court and appellate level is a petition for post-conviction relief." Tinch at 126 citing Cole, supra; State v. Jenkins (1987),42 Ohio App.3d 97, 536 N.E.2d 667.
When a defendant has the same counsel during the trial and on direct appeal, not allowing counsel to argue ineffective assistance of trial counsel forces the defendant to institute more than one method of reviewing the trial court's decision, surely an inconvenience to that defendant. Although, the majority makes a compelling case, I believe the injury to the integrity of the attorney-client relationship outweighs any inconvenience caused by a refusal to address this alleged error on direct appeal. When weighing principles such as quickly resolving disputes and preserving the attorney-client relationship, in an admittedly close call, I must side with preserving the latter. Accordingly, I would prohibit Harris' counsel from arguing his own ineffectiveness and would refuse to address the merits of Harris' third assignment of error.