OPINION
{¶ 1} Defendant-appellant Phillip L. Mayle appeals from the February 28, 2006, Judgment Entry of the Stark County Court of Common Pleas overruling his Motion to Correct Invalid Sentence. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS IN THE CASE {¶ 2} In 1991, Phillip Lynn Mayle was charged by indictment with two counts of felonious assault of a peace officer, one count of aggravated robbery, and one count of having weapons while under disability. Each charge included a firearm specification and a specification of a prior conviction of an offense of violence. Appellant was charged with shooting and wounding two sheriff deputies who were investigating a possible robbery at Mason's Drive-Thru on Waynesburg Drive. Appellant pleaded not guilty to these charges and specifications, and the case proceeded to trial by jury.
 {¶ 3} The jury found Appellant guilty of the felonious assault charges and the having weapons under disability charge, as well as the attendant specifications, but not guilty of the aggravated robbery charge. The court, upon accepting the jury's verdict and conviction sentenced appellant to a term of two consecutive indeterminate prison terms of 15 to 25 years, with the minimum term of 15 years being imposed as a period of actual incarceration; the court also imposed the mandatory three-year term of actual incarceration for the attendant firearm specifications consecutive with each other and with the indeterminate terms. Finally, the court imposed an indeterminate term of 3 to 5 years on the weapons charge, but imposed this term concurrently.
 {¶ 4} Thus, appellant's aggregate prison term was an indeterminate 36 to 50 years, with the 36-year term being a term of actual incarceration.
 {¶ 5} Appellant subsequently filed a direct appeal to the Court of Appeals for Stark County, raising four assignments of error. See, State v. Mayle (Aug. 16, 1993), 5th Dist. No. CA-9126. One of the assigned errors challenged the imposition of the two three year actual terms for the firearm specifications consecutively. This court overruled each of these assignments of error, and affirmed Appellant's convictions and sentences.
 {¶ 6} On October 4, 2005, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. He raised three claims in his petition: first, that he was denied effective assistance of trial and appellate counsel (for failing to request a second competency report before trial and failing to challenge the imposition of consecutive prison terms for the firearm specifications); second, plain error committed by the trial court for not ordering sua sponte a second competency evaluation; and, third, a constitutional violation for the imposition of consecutive sentences for the two firearm specifications attendant to the felonious assault charges. Appellant also submitted a R.C. 2953.23 Statement, attempting to justify the filing of his petition out of time. The State of Ohio responded, arguing that the petition was out of time, that the untimely filing was not justified under R.C. 2953.23, and that the claims were without merit. The State specifically argued that the firearm specification claim was res judicata. The State thus asked that the petition be denied and summary judgment granted in favor of the State.
 {¶ 7} Before the trial court ruled on the State's response, appellant filed another pleading that sought to challenge the legality of his sentences for two of his firearm specifications. In this pleading captioned "Motion to Correct Invalid Sentence Pursuant to Rules 1, 36, 47 of the Rules of Criminal Procedure and R.C. 2901.04(B)" appellant renewed his challenge to the legality of his firearm specification sentences. On February 28, 2006 the trial court issued its ruling denying appellant's Motion to Correct Invalid Sentence.
 {¶ 8} It is from the trial court's Judgment Entry filed February 28, 2006 denying his Motion to Correct Invalid Sentence that appellant now appeals raising as his sole assignment of error:
 {¶ 9} "I. WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN DENYING APPELLANT'S MOTION TO CORRECT INVALID SENTENCE FILED PURSUANT TO RULES OF CRIMINAL PROCEDURE 1, 26, 47 AND OHIO REVISED CODE SECTION 2901.04(B), WHEN APPELLANT WAS SENTENCED TO TWO (2) THREE (3) YEAR TERMS FOR FIREARM SPECIFICATIONS ARISING OUT OF THE SAME ACT OR TRANSITION, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT, AND OHIO REVISED CODE SECTION 2929.71(B)."
 I. {¶ 10} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 11} "(E) Determination and judgment on appeal.
 {¶ 12} "The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 14} With respect to the appellant's Motion to Correct Invalid Sentence filed by appellant on February 4, 2006, we note the caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C.2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to Reynolds, we find appellant's Motion to Correct Invalid Sentence filed by appellant on February 4, 2006 is a petition for post conviction relief as defined in R.C. 2953.21.
 {¶ 15} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 16} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 17} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 18} The record indicates appellant did file a direct appeal in this matter with a transcript. The transcript was filed in this Court on December 11, 1992. Therefore, under R.C.2953.21(A) (2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 19} Appellant did not file his petition for post-conviction relief until February 4, 2006, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 20} "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 21} "(1) Either of the following applies:
 {¶ 22} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 23} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 24} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 25} In his petition, appellant did not provide a basis under R.C. 2953.21(A) (1) (a) or (b) which is a requirement to avoid the filing deadline.
 {¶ 26} As such, appellant has failed to meet his burden under R.C. 2953.23(A) (1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; State v. Smith,
9th Dist. No. 05CA008772, 2006-Ohio-2045 at ¶ 9; State v.Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280 at ¶ 13.
 {¶ 27} We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.
 {¶ 28} Another proper basis upon which to deny a petition for post conviction relief without holding an evidentiary hearing is res judicata. State v. Lentz (1994), 70 Ohio St.3d 527, 530,639 N.E.2d 784; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823.
 {¶ 29} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko
(Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; Statev. Phillips, supra.
 {¶ 30} In the case at bar, appellant raised the issue in his direct appeal. In that case we noted "[t]he case sub judice is clearly distinguishable from State v. Moore (1984),20 Ohio App.3d 75, cited by appellant. There were two separate shootings of two separate persons. The trial court did not err in imposing two consecutive three-year gun specification sentences". Statev. Mayle (Aug. 16, 1993), 5th Dist. No. CA-9126. Appellant concedes that this issue was raised in his direct appeal; however he disagrees with the court's previous holding. (Appellant's Brief at 5-6).
 {¶ 31} As appellant raised and fully litigated this issue on direct appeal, this court concludes that the trial court did not err in overruling appellant's motion concerning the imposition of consecutive firearm specifications because that issue was barred by res judicata.
 {¶ 32} Appellant's sole assignment of error is overruled.
 {¶ 33} The judgment of the Stark County Court of Common Pleas is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.