The STATE of Ohio, Appellee,

v.

GIBSON, Appellant.

[Cite as *State v. Gibson* (1992), 78 Ohio App.3d 501.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–829.

Decided March 3, 1992.

502

*Michael Miller*, Prosecuting Attorney, and *Katherine Press*, Assistant Prosecuting Attorney, for appellee.

*James Kura*, Franklin County Public Defender, and *David Strait*, Assistant Public Defender, for appellant.

WHITESIDE, Judge.

Defendant,[1] Raymond L. Gibson, Jr., appeals from a decision of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief and asserts the following assignment of error.

"The trial court committed reversible error by summarily dismissing appellant's claim for post-conviction relief asserting ineffective assistance of counsel without conducting an evidentiary hearing as required by R.C. 2953.21(E)."

In its decision and entry, the common pleas court stated in pertinent part:

" * * * [A]ll the statements in the petition are void of any evidentiary documents or operative facts with sufficient particularity to demonstrate the lack of competent counsel in assisting defendant in pleading guilty. Assum-

---

1. For some reason, the clerk has misstyled some of the papers herein and, to the extent the docket so reflects, the clerk is ordered to correct the style to be the same as in the trial court, "State of Ohio v. Raymond L. Gibson, Jr."

ing one's rights are improperly waived, a plea of guilty negates that complaint."

Clearly, the last statement of the trial court is in error since a guilty plea does not negate complaints that an accused's rights have been improperly waived. If they were improperly waived, due to ineffective assistance of counsel, the issue survives.

The third conclusion of law of the trial court was that "[t]here was no denial or infringement of defendant's rights as to render his plea of guilty and subsequent judgment void or voidable under [the] Ohio and federal Constitutions." There is nothing in the findings of fact supporting such a conclusion. At most, the finding would be that defendant had not demonstrated such a denial or infringement. Even assuming that the word "improperly" was not intended and that, instead, the trial court intended the word "proper," we must still examine the record. The petition for post-conviction relief is not clear, and the facts stated for relief relate more to the circumstances surrounding the offense than to the constitutional rights of defendant except for the fifteenth and sixteenth paragraphs.

By his second claim for relief, defendant indicates that his guilty plea "was entered because of the advice of his attorney and because of petitioner's inexperience and without sufficient ability to consult with his attorney with a reasonable degree of rational understanding or to knowingly, intelligently, and voluntarily understand the consequences and nature of his guilty plea." He also contends that he was deprived of due process because of "an unconstitutional waiver of rights." Although defendant, proceeding *pro se* in the common pleas court, did ask for an evidentiary hearing, such petition, even though absolutely verified, might in and of itself not be sufficient to justify an evidentiary hearing. However, also filed with the petition was a memorandum in support of the petition for post-conviction relief. In the record on appeal, the copy in the file is indicated as being a "copy, original lost." Presumably, the trial court did not have the benefit of this memorandum before it when it made the determination. This is true because in the memorandum the defendant sets forth in detail his contentions regarding the ineffective-assistance-of-counsel claim, including the failure to file a motion to suppress or to dismiss because of a lack of *Miranda* warnings and a failure to investigate and properly advise defendant of the charges. This memorandum goes into detail as to all of those issues. The memorandum does set forth allegations justifying an evidentiary hearing for resolution, which memorandum we assume the trial court was unaware of because, apparently, the original was lost and a copy substituted in the record only at the time of the appeal.

The state, in opposition to the appeal, contends that the defendant could have raised the ineffective assistance of counsel claim on direct appeal. There is nothing in the record or in the allegations supporting such contention. Rather, it would appear that evidence outside the record would have been required to demonstrate ineffective assistance of counsel in view of the nature of the allegations. Furthermore, the transcript of the guilty plea hearing is not included in the record on appeal, and there is no indication that it was available to the trial court at the time that the court ruled upon the motion. Accordingly, that which transpired at the hearing upon the guilty plea affords no basis for either granting or denying the motion or the request for an evidentiary hearing since it is not in the record on appeal and was not properly before the trial court. What is included in the record on appeal is the "entry of guilty plea" signed by defendant, which makes various statements as to defendant's understanding and which tends to negate any contention by defendant that he did not understand that he had constitutional rights and the general nature thereof. That is not the issue before us at this time, however.

Rather, the issue is whether defendant was entitled to an evidentiary hearing as mandated by R.C. 2953.21(E), "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief * * *."

The state relies upon *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819, the syllabus of which states:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

The court explained the syllabus as follows:

"Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. * * *" *Id.* at 111, 18 O.O.3d at 351, 413 N.E.2d at 822.

The opinion continues:

" * * * [I]f we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless. * * *" *Id.* at 112, 18 O.O.3d at 351, 413 N.E.2d at 823.

R.C. 2953.21(D) permits a prosecuting attorney to respond by answer or motion. In this case, however, there was no response by the prosecution to the petition for relief. Here, the memorandum, coupled with the petition, states with particularity the contentions of ineffective assistance of counsel and the alleged prejudice resulting therefrom and is not a mere "open-ended allegation or conclusory statement concerning competency of counsel." See, also, *State v. Pankey* (1981), 68 Ohio St.2d 58, 22 O.O.3d 262, 428 N.E.2d 413; and *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823. In each of these cases, there was only a broad conclusory statement as to ineffective assistance of counsel, with no additional evidence indicating or supporting the broad conclusory statement. In *Kapper,* the transcript of the guilty plea hearing was available to the trial court and to the appellate courts. In that case, the Supreme Court held that the transcript of the guilty plea hearing indicated that the petitioner was not entitled to relief, and, therefore, an evidentiary hearing upon the petition for post-conviction relief was not required.

Unfortunately, in this case, we have available in the record on appeal nothing negating defendant's contentions as to what occurred, there being evidence in that the petition was verified by affidavit. It may well be that, if the prosecution supplies the transcript of the guilty plea hearing or other evidence by affidavit, a motion for summary judgment might be appropriately granted. However, applying the rule of *Jackson,* we are unable upon the record on appeal before us to find that the mandatory requirement of R.C. 2953.21(E) that there be a hearing can be dispensed with since the files and records of the case do not show that defendant is not entitled to relief but, instead, indicate that there is a possibility that he could be. Accordingly, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.