The STATE of Ohio, Appellee,

v.

STEWART, Appellant.

[Cite as *State v. Stewart* (1997), 122 Ohio App.3d 424.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA11–1574.

Decided Aug. 28, 1997.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Arthur H. Thomas, Jr.,* for appellant.

PETREE, Judge.

Defendant, Peter A. Stewart, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. Defendant sets forth the following three assignments of error:

"[I.] The trial court erred to the prejudice of defendant-appellant in refusing to permit or in denying defendant-appellant's amendments to the petition for postconviction relief.

"[II.] The trial court erred to the prejudice of defendant-appellant when it denied defendant-appellant a hearing on his petition for postconviction relief.

"[III.] The trial court erred to the prejudice of defendant-appellant when it failed to make and file findings of fact and conclusions of law with respect to the dismissal of defendant-appellant petition as required by Section 2953.21 Ohio Revised Code."

On September 6, 1985, defendant entered a plea of not guilty to each of the charges set forth in the fifteen-count indictment stemming from allegations of sexual misconduct with his minor stepdaughter. Later, on October 6, 1986, defendant amended his plea and entered a plea of guilty to Count 4 of the indictment, charging him with rape. The trial court convicted defendant of rape and sentenced him to serve a term of imprisonment of not less than five and not more than twenty-five years. An entry of *nolle prosequi* was journalized as to the other fourteen counts of the indictment. Defendant's minimum sentence was later amended by the trial court to a term of four years.

Defendant did not timely appeal from a judgment of the common pleas court. However, defendant did file a motion for delayed appeal, which was denied by this court in *State v. Stewart* (July 18, 1995), Franklin App. No. 95APA02–205, unreported.

Defendant filed his petition for postconviction relief on September 20, 1996. Therein, defendant alleged that his plea was not voluntary due, in part, to the ineffective assistance of trial counsel. The trial court denied defendant's petition without a hearing by judgment entry dated October 25, 1996. Defendant appeals to this court from the judgment of the trial court.

In defendant's second assignment of error, defendant contends that the trial court erred by dismissing his petition for postconviction relief without first conducting the evidentiary hearing to determine the truth of his allegations of ineffective assistance of trial counsel. In *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819, the Ohio Supreme Court held at the syllabus:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

In *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823, the issue for the court was whether the petitioner in a postconviction relief proceeding was entitled to an evidentiary hearing in light of his allegations that his guilty plea was coerced. In that case, as in this case, petitioner relied on off-the-record discussions in support of his claim. In *Kapper*, the court held:

"[A] petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *Id.* at 38, 5 OBR at 96, 448 N.E.2d at 826.

In this case, defendant alleges that his counsel induced him to plead guilty to the charge of rape by promising him that he would be released on shock probation within one year. He alleges further that he would have never pleaded guilty to the offense of rape if he had known that he would not be eligible for shock probation. In his amended petition, dated October 3, 1996, defendant further alleges that the trial court failed to inform him, prior to accepting his plea, that he was ineligible for probation. Attached to defendant's petition for postconviction relief and his amendment thereto is defendant's "Affidavit of Verity," wherein defendant states that "the foregoing statements are well and truly made to the best of his knowledge, belief and memory."

In *State v. Gibson* (1992), 78 Ohio App.3d 501, 605 N.E.2d 441, the issue for this court was whether the petitioner was entitled to an evidentiary hearing to determine the truth of his allegations of ineffective assistance of trial counsel. *Id.* at 504, 605 N.E.2d at 442–443. The trial court had dismissed the petition without a hearing, even though the petitioner had, in his verified complaint, set forth sufficient operative facts to demonstrate ineffective assistance of trial counsel and prejudice. *Id.* On appeal, we held that the trial court erred by dismissing the petition without a hearing. In so holding, we stated:

" * * * Here, the memorandum, coupled with the petition, states with particularity the contentions of ineffective assistance of counsel and the alleged prejudice resulting therefrom and is not a mere 'open-ended allegation or conclusory statement concerning competency of counsel.' * * * In *Kapper*, the transcript of the guilty plea hearing was available to the trial court and to the appellate courts. In that case, the Supreme Court held that the transcript of the guilty plea

hearing indicated that the petitioner was not entitled to relief, and, therefore, an evidentiary hearing upon the petition for post-conviction relief was not required.

"Unfortunately, in this case, we have available in the record on appeal nothing negating defendant's contentions as to what occurred, there being evidence in that the petition was verified by affidavit. It may well be that, if the prosecution supplies the transcript of the guilty plea hearing or other evidence by affidavit, a motion for summary judgment might be appropriately granted. However, applying the rule of *Jackson*, we are unable upon the record on appeal before us to find that the mandatory requirement of R.C. 2953.21(E) that there be a hearing can be dispensed with since the files and records of the case do not show that defendant is not entitled to relief but, instead, indicate that there is a possibility that he could be. * * * " *Id.* at 505, 605 N.E.2d at 443.

Here, as in *Gibson*, defendant's verified memorandum sets forth sufficient operative facts to support his claim of ineffective assistance of counsel and prejudice. Indeed, defendant alleges that he was misinformed by counsel regarding his parole eligibility and was not thereafter correctly informed by the trial court that he was ineligible.[1] Here, as in *Gibson*, the transcript of defendant's plea hearing was not made part of the record in the trial court and is not part of the record herein. Thus, there is nothing in the record to negate defendant's claim of ineffective assistance of trial counsel and prejudice arising therefrom. Applying *Gibson* herein, we conclude that the trial court erred in summarily dismissing defendant's petition. Furthermore, in accordance with *Gibson*, we must reverse the judgment of the trial court and remand this case for an initial determination whether defendant was correctly informed of his probation eligibility at the time he entered his guilty plea. If so, defendant's petition is subject to dismissal without a hearing pursuant to R.C. 2953.21(E) and (F), since defendant cannot possibly demonstrate prejudice. See *Kapper, supra.* If not, defendant is entitled to an evidentiary hearing to determine the truth of his allegations of ineffective assistance of trial counsel. For the foregoing reasons, defendant's second assignment of error is sustained.

In defendant's first assignment of error, defendant contends that the trial court erred by expressly refusing to consider amendments to his petition for postconviction relief. In defendant's original motion and memorandum, defendant alleged that his trial counsel was ineffective by failing to raise certain mitigating

---

1.  Crim.R. 11(C) provides:
    "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
    "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that *he is not eligible for probation.*" (Emphasis added.)

circumstances at his plea hearing, failing to call certain witnesses at his sentencing hearing, failing to object to the alleged defect in the indictment, and by coercing him into pleading guilty by promising him he would be released on probation within one year. In defendant's amendment of October 3, 1996, defendant sets forth the same allegations previously made in his original petition, and, in addition, alleges that the trial court violated Crim.R. 11(C) by not informing him that he was ineligible for probation. Finally, in defendant's second amendment dated October 16, 1996, defendant reiterates the same allegations made in his first two memoranda and, in addition, alleges that counsel was ineffective for failing to move to suppress certain evidence and for failing to follow up on certain discovery motions.

R.C. 2953.21 provides:

"(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

" * * *

"(F) *At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings.* The petitioner may amend the petition with leave of court at any time thereafter." (Emphasis added.)

In this case, nothing was filed in response to defendant's petition until October 15, 1996, when a pleading entitled "Memorandum Contra to Petitioner's Post–Conviction Motion" was filed by the prosecution. Even if this pleading is construed as an answer, it is evident that defendant's amendment dated October 3, 1996 was timely filed. Therefore, under R.C. 2953.21(F), the trial court was obligated to consider it. Furthermore, the trial court's failure to consider the amendment was prejudicial to defendant, since the amended petition contained defendant's sworn allegation that the trial court failed to comply with Crim.R. 11.[2] As stated above, absent a transcript showing compliance with Crim.R. 11, defendant's petition may not be dismissed without a hearing. *Gibson, supra.* Accordingly, defendant's first assignment of error is sustained.

---

**2.** With respect to the amendment dated October 16, 1996, it is clear that the trial court had the discretion to ignore this amendment, since it was filed after the prosecution's response.

In defendant's third assignment of error, defendant contends that the trial court's judgment entry does not comply with the requirements of R.C. 2953.21(F) in that the entry does not contain sufficient findings of fact and conclusions of law. Although we agree that the judgment entry contains little in the way of factual findings, given our decision to remand this case for a determination whether defendant is entitled to a evidentiary hearing, the trial court will have a second opportunity to draft sufficient findings of fact and conclusions of law in the event that it determines dismissal is appropriate. Accordingly, defendant's third assignment of error is overruled.

Having overruled defendant's third assignment of error, but having sustained defendant's first and second assignments of error, we hereby reverse the judgment of the Franklin County Court of Common Pleas and remand this case for further proceedings consistent with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and CLOSE, JJ., concur.