DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Michael Davie has appealed from the Summit County Common Pleas Court's denial of his petition for post-conviction relief. He has raised six assignments of error. This Court sustains defendant's third assignment of error, reverses the judgment of the trial court in part, and remands for adequate findings of fact and conclusions of law relating to the third claim for relief in defendant's petition for post-conviction relief. The judgment of the trial court is affirmed in all other respects.
 I.
After a plea of no contest, defendant was convicted and sentenced for felonious assault, two counts of aggravated robbery, five counts of aggravated burglary, and attempted murder with a firearm specification. The convictions resulted from acts committed by defendant and two accomplices during 1992 at an apartment building in Akron. Those convictions were affirmed by this Court. See State v. Davie (Feb. 23, 1994), Summit App. No. 16252, unreported, 1994 Ohio App. LEXIS 836.
On April 4, 1996, defendant filed a petition for post-conviction relief in the Summit County Common Pleas Court and asserted two grounds for relief: (1) that his no contest plea was not knowing, voluntary, and intelligent; and (2) that he was denied the effective assistance of trial counsel because his counsel failed to adequately prepare for a suppression hearing. On July 11, 1996, he filed an amended petition and asserted a third claim for relief. That claim alleged that the prosecutor of Cuyahoga County had erroneously entered a nolle prosequi in the Cuyahoga County Common Pleas Court, thereby preventing him from receiving a fair hearing on his motion to suppress.
Defendant moved for summary judgment on November 15, 1996. On December 12, 1996, he moved the trial court for leave to amend his petition a second time. On January 21, 1997, the trial court denied that motion. On June 5, 1997, defendant moved the trial court for a writ of procedendo to require it to rule on his petition. The trial court also denied that motion.
On April 17, 1998, the trial court denied defendant's petition without a hearing, ruling that its claims for relief were barred by res judicata. From that judgment, defendant timely appealed to this Court.
 II.
Defendant's first assignment of error is:
 Where a claim demonstrates a no contest plea was induced by the prosecutor's concealment, and counsel's off the record advice[,] an evidentiary hearing is warranted, and it is a trial court error to find the claim barred [by res judicata].
Defendant has argued that the trial court incorrectly determined that res judicata barred his petition's first claim for relief because he could not have raised that claim on direct appeal. He has asserted that the State failed to inform him that, although he was charged with several firearm specifications, he could only be sentenced for one of those specifications pursuant to Section2929.71(B) of the Ohio Revised Code.[1] He has claimed that he would not have agreed to a no contest plea if he had known that he could have been sentenced for only one firearm specification. Continuing with his argument, he has claimed that he did not discover this "evidence" until three years after his conviction. He has argued that, consequently, he could not have raised this error on direct appeal and must be permitted to raise it in his petition for post-conviction relief.
Defendant's ignorance of the possible legal effect that the multiple firearm specifications would have had on his sentencing was not "evidence," such that his discovery of it after his appeal entitled him to raise it in a petition for post-conviction relief. His appellate counsel could have and should have raised that issue on direct appeal. His first claim for relief was, therefore, barred by res judicata. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Defendant has also claimed that his trial counsel's performance was deficient regarding his no contest plea. Specifically, he has claimed that his counsel failed to provide him with effective assistance because his counsel recommended the no contest plea when that plea was not in his best interest. This Court notes that defendant was represented by new counsel on direct appeal. When a defendant, represented by new counsel on appeal, fails to raise the issue of competent trial counsel, and that issue could have been resolved without resort to evidence outside the record, then that defendant's claim for relief, based on ineffective assistance of trial counsel, is barred by resjudicata. See State v. Jenkins (1987), 42 Ohio App.3d 97, 100.
The trial court did not err by concluding that defendant's first claim for relief, challenging the voluntariness of his no contest plea, was barred by res judicata. Defendant's first assignment of error is overruled.
Defendant's second assignment of error is:
 Where appellant asserts a claim of ineffective assistance of counsel for a failure to adequately prepare for suppression hearing, the trial court errs by refusing to grant an evidentiary hearing and finding claim barred on the grounds of [res judicata].
 Defendant has argued that the trial court incorrectly failed to grant him a hearing on his petition for post-conviction relief after he set forth sufficient evidence to demonstrate that he was denied the effective assistance of trial counsel. He has argued that, at the suppression hearing regarding the investigative stop that led to his arrest, his trial counsel failed to call several key witnesses who would have told a version of that stop different from that of the arresting officer. He has claimed that the failure to subpoena those witnesses and to question them regarding the stop demonstrated that his trial counsel was ineffective. Consequently, he has argued that he was entitled to a hearing on his second claim for relief.
As noted above, defendant was represented by different counsel on appeal. He could have and should have argued this claim at that time. He was, therefore, barred from raising that claim in his petition for post-conviction relief. The trial court's determination that res judicata applied in this situation was not incorrect. See Jenkins, supra. Defendant's second assignment of error is overruled.
Defendant's third assignment of error is:
 The trial court erred when it failed to issue findings of fact and conclusions of law as to the award or denial, on appellant's claim of deprivation of the right to a fair hearing due to the irregularity of the proceedings.
Defendant has argued that the trial court failed to issue adequate findings of fact and conclusions of law. According to defendant, the judgment of the trial court did not include a ruling on his third claim for relief, included in his amended petition of July 11, 1996, and submitted pursuant to Section 2953.21(F) of the Ohio Revised Code.
Pursuant to Section 2953.21(F), "[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." If an amendment to a petition for post-conviction relief is made before the State responds, the trial court is obligated to accept that amendment and rule on it. See State v.Stewart (1997), 122 Ohio App.3d 424, 428. Defendant filed his amended petition on July 11, 1996. The State filed its answer to defendant's petition for post-conviction relief on October 28, 1996. His third claim for relief was, therefore, properly amended to his petition and the trial court was obligated to rule on that claim.
The trial court's judgment appears to have dismissed the entire petition because it was barred by res judicata. Its analysis, however, was confined to discussions of the first two claims for relief. It did not specifically address the third claim and did not provide adequate findings of fact and conclusions of law regarding that claim. When a petition for post-conviction relief is denied on grounds of res judicata, the trial court should file findings of fact and conclusions of law with respect to that judgment and, when appropriate, should specify those parts of the files and records that established the bar of res judicata. State v. Pocius (1995), 104 Ohio App.3d 18,22, citing State v. Lester (1975), 41 Ohio St.2d 51, 55. Findings and conclusions are necessary to provide defendants with grounds for the denial of their petition and to enable appellate courts to properly determine the appeal. Jones v. State (1966), 8 Ohio St.2d 21,22; see, also, State v. Potter (1989), 64 Ohio App.3d 549,551 ("The failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and conclusions which an appellate court reviews for error").
Because the trial court failed to issue adequate findings of fact and conclusions of law regarding defendant's third claim for relief, this appeal must be remanded to the trial court. Defendant's third assignment of error is sustained. On remand, the trial court shall prepare adequate findings of fact and conclusions of law regarding defendant's third claim for relief, or, if the petition warrants it, hold a hearing on that claim.
Defendant's fourth assignment of error is:
 Where appellant requests leave of court to amend his petition to raise a claim for relief based on newly discovered evidence, the trial court errs when it converts a request for leave into a successive petition, contrary to [Section 2953. 21(F) of the Ohio Revised Code].
Defendant has argued that the trial court incorrectly denied his motion for leave to amend his petition a second time, filed December 12, 1996. According to him, when the trial court denied his motion for leave to amend, it incorrectly concluded that he was actually attempting to file a second petition for post-conviction relief and incorrectly denied it based on that reasoning. He has claimed that, pursuant to Section 2953.21(F) of the Ohio Revised Code, he was entitled to amend his petition.
The trial court, in its January 21, 1997, order denying defendant's motion for leave to amend, ruled that a defendant sentenced before September 21, 1995, is "permanently time barred" from filing a petition for post-conviction relief after September 21, 1996. It concluded that defendant's amended petition, filed after that September 21, 1996, deadline, was actually an attempt to circumvent the time limits for filing a petition for post-conviction relief. According to the trial court, "[a]llowing the defendant to submit an amendment to his petition for post-conviction relief would effectively nullify the time deadlines."
Contrary to the trial court's judgment, a defendant sentenced before September 21, 1995, is not barred from filing a petition for post-conviction relief after September 21, 1996. A defendant may still file a petition even after that deadline, but must meet the stringent test of Section 2953.23 of the Ohio Revised Code. Defendant's motion for leave to amend, however, was not an attempt to file a second or successive petition for post-conviction relief. See State v. Wilkins (Apr. 10, 1998), Montgomery App. No. 16586, unreported, 1998 Ohio App. LEXIS 1647, at *9-10. Defendant was merely attempting to amend his petition that he had filed on April 4, 1996.
The trial court's reason for denying defendant's motion was, therefore, based on improper grounds. The trial court's action in denying that motion, however, does not necessarily warrant a reversal in this case. Defendant failed to attach the amendment to his motion for leave to amend. He claimed that he had discovered new grounds, pursuant to the United States and Ohio constitutions, that would have made his convictions void, but he did not explain what those new grounds were. The trial court's denial of defendant's motion for leave to amend was not improper when that motion gave no indication of what was to be amended. Defendant's fourth assignment of error is overruled.
Defendant's fifth assignment of error is:
 Where appellant brought three civil actions against trial judge, and prosecutor was counsel of record for judge, and yet he was simultaneously counsel of record for the state in a matter before judge-client, appellant was denied a meaningful review on post conviction.
Defendant has argued that an appearance of impropriety prevented the trial judge from properly reviewing his petition for post-conviction relief. He has claimed that he had filed three civil actions against the trial court judge; that the prosecuting attorney had represented that judge in those civil actions; that the prosecuting attorney then represented the State in this post-conviction proceeding while that judge presided; and that, as a result of this allegedly improper relationship between the trial judge and the prosecutor, he was denied "a meaningful review" of his petition. He has asked this Court to remand this case and order that it be heard by a different trial judge.
"A court of appeals is without authority to pass upon disqualification [of a trial judge] or to void the judgment of the trial court upon that basis." State v. Ramos (1993), 88 Ohio App.3d 394,398. Section 2701.03 of the Ohio Revised Code provides the procedures that Defendant should have followed to disqualify the trial judge. This Court has no authority to grant him the relief he has requested. Defendant's fifth assignment of error is overruled.
Defendant's sixth assignment of error is:
 Where the prosecutor fails to file a motion in opposition to appellant's motion for summary judgment, the trial court abused its discretion by finding the basis of its dismissal of appellant's motion on the prosecutor's initial responsive pleadings.
Although his argument on this point is not clear, defendant apparently has argued that the trial court improperly ruled on his motion for summary judgment because the State failed to respond to his motion. He has argued that he presented an adequate basis for relief and that, because the State did not respond, his affidavits "must be accepted as true."
Defendant's argument lacks merit. Defendant's motion for summary judgment argued that he was entitled to relief pursuant to the first two claims for relief in his petition for post-conviction relief. The trial court found no merit to defendant's motion. Based on this Court's discussion of defendant's first two assignments of error, this Court cannot conclude that the trial court erred when it denied defendant's motion for summary judgment. Consequently, defendant's sixth assignment of error is overruled.
 III.
Defendant's first, second, fourth, fifth, and sixth assignments of error are overruled. His third assignment of error is sustained. This cause is remanded to the trial court to issue findings of fact and conclusions of law regarding the third claim for relief, found in defendant's amended petition for post-conviction relief filed on July 11, 1996.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to appellant and appellee.
 Exceptions. ___________________________ MARY CACIOPPO, FOR THE COURT
SLABY, P. J.
CARR, J., CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] The State has disputed defendant's assertions that his firearm specifications would have merged and that he could have been sentenced for only one. The State has claimed that, pursuant to Section 2929.71(B) of the Ohio Revised Code, in effect at the time defendant was convicted and sentenced, he could have been sentenced on multiple firearm specifications if his crimes were not committed as part of the same act or transaction. See, e.g.,State v. White (1991), 71 Ohio App.3d 550. Because this Court concludes that defendant's claim was barred by res judicata, however, it is not necessary to determine whether defendant could have been sentenced for multiple specifications.