[Cite as *State v. Line*, 2019-Ohio-4221.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

LARRY LINE,

    DEFENDANT-APPELLANT.

CASE NO. 1-19-07

O P I N I O N

**Appeal from Lima Municipal Court**
**Trial Court No. 18TRC12200**

**Judgment Affirmed**

**Date of Decision:  October 15, 2019**

APPEARANCES:

    *Blaise Katter* for Appellant

    *Anthony M. DiPietro* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Larry Line ("Line") brings this appeal from the judgment of the Lima Municipal Court finding Line guilty of OVI, but not guilty of driving through a red light. Line argues on appeal that the evidence was insufficient to support his conviction and that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 10, 2019, Line was cited for an OVI in violation of R.C. 4511.19(A)(1)(a) and failing to stop at a red light in violation of local ordinance 414.03(C)(1)(a). Doc. 2. After pleading not guilty, Line retained counsel to represent him. Doc. 4 and 5. Although counsel noted that she intended to file a motion to suppress, no motion was filed. Doc. 6. A trial was held to the court on January 23, 2019. Doc. 7. At the conclusion of the trial, the trial court found Line guilty of the OVI and imposed sentence. *Id.* The trial court found Line not guilty of failing to stop at a red light. Doc. 8. Line filed a timely notice of appeal. Doc. 11. On appeal, Line raises the following assignments of error.

**First Assignment of Error**

[Line] was denied the effective assistance of counsel in violation of the Sixth Amendment to the Constitution and Article I, Section 10 of the Ohio Constitution.

**Second Assignment of Error**

There was insufficient evidence to convict [Line] of being "under the influence" in violation of R.C. 4511.19(A)(1)(a)

In the interests of clarity, we will address the assignments of error out of order.

*Sufficiency of the Evidence*

**{¶3}** In his second assignment of error, Line argues that the evidence was insufficient to support his conviction for OVI. "Under the sufficiency of the evidence standard, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 28, 102 N.E.3d 86 quoting *State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 12 (3d Dist.). Line was cited with a violation of R.C. 4511.19(A)(1)(a). In order to prove this violation in this case, the State was required to show that he 1) operated a vehicle 2) in the State of Ohio 3) while under the influence of alcohol.

**{¶4}** A review of the record shows that there is no question that Line was driving a car in the State of Ohio. The only issue was whether he was under the influence of alcohol at the time. Patrolman Ben Thompson ("Thompson") testified at trial that he observed Line in his vehicle leaving the parking lot of a bar in Lima, Ohio at approximately 1:59 a.m. Tr. 5-6. Thompson indicated that he observed the vehicle roll through a stop sign and at that time, he decided to stop the vehicle. Tr. 8. When Thompson made contact with Line, he noticed that he had bloodshot, glassy eyes, slurred speech, and had an odor of an alcoholic beverage on his breath. Tr. 8-9. Thompson identified Line as the driver of the vehicle. Tr. 10.

{¶5} Patrolman Spencer Cooper ("Cooper") testified that after Thompson stopped Line, he arrived on the scene. Tr. 14. Cooper testified that upon approaching Line, he immediately smelled a strong odor of an alcoholic beverage and noted that Line had slow, methodical movements. Tr. 22. Cooper testified that at some point, Line admitted "that he had drank two Roman cokes. I believe he had meant rum and cokes, but he did admit that he had two alcoholic beverages that night." Tr. 24. Cooper asked Line to perform the field sobriety tests and Line agreed. Tr. 24. When Cooper conducted the HGN test on Line, Cooper noted four out of six clues. Tr. 25. Cooper testified that his training and experience told him that a person with four out of the six clues was over the .08 alcoholic limit for consumption of alcohol. Tr. 26. Based upon the evidence before him, Cooper placed Line under arrest for OVI. Tr. 26.

{¶6} Line argues on appeal that there was insufficient evidence of intoxication. In support of this argument, Line notes that the State failed to put the NHTSA manual regarding the HGN test into evidence and thus relying on it to show intoxication was inappropriate. At oral argument, the State conceded that the better practice would have been to submit a copy of the manual to the court, but argued the manual was not necessary to be able to use the HGN test for signs of intoxication. The Ohio Supreme Court has previously held "that the HGN test has been shown to be a reliable indicator of BAC levels." *State v. Bresson*, 51 Ohio St.3d 123, 128, 554 N.E.2d 1330 (1990). "Accordingly, results of this test are

admissible so long as the proper foundation has been shown both as to the officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." *Id.* "[T]he only requirement prior to admission [of the HGN test results] is the officer's knowledge of the test, his training, and his ability to interpret his observations." *Id.* at 129.

{¶7} Here, Cooper testified that he was trained in the proper technique for conducting the HGN test and then practiced doing so in "wet labs". Tr. 15-16. The wet labs are when they randomly test volunteers to determine if they have consumed alcohol without knowing which volunteers have and which have not. Tr. 16-17. Cooper testified that the more alcohol one has consumed, the more nystagmus can be observed. Tr. 18. Cooper testified as to the procedure he was taught to use while conducting an HGN test. Tr. 18-21. Cooper further testified that he conducted the HGN test on Line and observed lack of smooth pursuit in both eyes and the distinct and sustained nystagmus at maximum deviation in both eyes, making four out of six clues. Tr. 25. However, Cooper did not observe nystagmus onset prior to 45 degrees. Tr. 25-26. From his training, Cooper was able to determine that Line was over the legal limit of .08 BAC. Tr. 26. This court notes that Line was not charged with having a BAC over .08, but rather with driving while impaired. Thus, the actual level of BAC is not critical in this case. We note that "a properly qualified officer may testify at trial regarding a driver's performance on the HGN test as to the issue of probable cause to arrest and use the same in forming an opinion whether

the suspect is under the influence of alcohol." *State v. Smith,* 5th Dist. Richland No. 09-CA-55, 2009-Ohio-5651, ¶ 17. This is true even when the results would not be admissible to show the exact alcohol concentration of the driver. *Id.*

{¶8} In addition to the HGN test, both officers testified to other signs of impairment. Thompson testified that he saw Line fail to come to a complete stop at a stop sign. A review of the dash camera footage confirms this testimony. Thompson also testified to Line having bloodshot eyes, a strong odor of an alcoholic beverage around his person, and slurred speech. Cooper testified to these same signs, noting that the red, bloodshot, glassy eyes are "a sign of intoxication due to the lack of oxidation from the eyes, and they – they constrict. That's why they become red." Tr. 23. Cooper also testified that when he asked Line questions, he noted the following.

> **[H]e kind of had a – a dazed look. He was looking down, and it's – time he had moved, they were – they were very slow. Being that alcohol is a depressant, it slows your – your fine motor movements.**

Tr. 23. Viewing this evidence in a light most favorable to the prosecution, there was evidence presented on each of the elements of the OVI offense. There was testimony that Line was driving his vehicle in Lima, Ohio and that he was under the influence of alcohol at the time, including his own admission of alcohol consumption, the bloodshot, glassy eyes, the slurred speech, the slow and methodical movements, and the presentation of four out of six clues on the HGN

test showing alcohol consumption. Cooper testified that he believed Line was impaired at that time and that was why he arrested Line. Tr. 26. Viewing the evidence in a light most favorable to the State a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Sullivan, supra*. The second assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶9} Line alleges in the first assignment of error that he was denied the effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**

> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the

violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

**{¶10}** In support of the assignment of error, Line claims that his trial counsel erred by 1) failing to file a motion to suppress; 2) failing to challenge the admission of the HGN test under R.C. 4511.19(D)(4); and 3) failing to advocate for Line at trial. Line also argues that even if all of the alleged errors are not determined to be prejudicial, the cumulative effect of them was prejudicial. The first argument is that counsel was ineffective for failing to file a motion to suppress. "[T]he failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record establishes that the motion would have been successful if made." *Walker, supra* at ¶ 23 quoting *State v. Brown*, 12th Dist. Warren No. CA2002-03-026, 2002-Ohio-5455, ¶ 11. Line argues that since there was no evidence he ran a red light, the officer lacked probable cause to stop him. However, a review of the testimony of Thompson and the video shows that although Line did not go through a red light, he did commit a traffic violation by failing to come to a complete stop at a stop sign. "[I]f an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 8, 894 N.E.2d 1204. The trial court specifically noted the following concerning the officer's probable cause to stop Line.

> **[T]he defendant was observed operating a motor vehicle, leave Lombardo's.**
>
> **He left, didn't place his car in the lane of travel, went across at least three lanes into a street and then was in a lane of travel, which is unusual driving behavior. He rolled a stop sign, didn't come to a complete stop. That was evident from the video.**

Tr. 31-32. Since there was a traffic violation, regardless of whether it was the violation for which Line was cited and later acquitted, the officer had probable cause to stop the vehicle. Thus, any motion to suppress would not have been successful. The failure to file the motion is not ineffective assistance of counsel because it was not prejudicial.

{¶11} The second argument for the ineffective assistance of counsel claim is that counsel failed to object to the admission of the HGN test results since the NHSTA manual was not admitted as an exhibit. Line argues that the State failed to elicit testimony from Cooper regarding the test or his training and therefore the tests should have been excluded. A review of the record shows that Cooper offered extensive testimony regarding his training in administering the tests, the test itself, and the proper procedures for administering the test. See Tr. 15-21. Since this was a bench trial and nothing in the record indicates that the evidence was used for an improper purpose, there would be no prejudice from the alleged error. *State v. Arnold*, 147 Ohio St.3d 138, 2016-Ohio-1595, ¶ 39, 62 N.E.3d 153.

{¶12} Line next argues that counsel was ineffective for failing to advocate for him at trial. In support of this claim, Line points to six issues: 1) waiver of

opening statement; 2) failure to cross-examine Thompson regarding impairment; 3) failure to cross-examine Cooper; 4) waiving closing argument; 5) failure to offer mitigation; and 6) failure to ask for a stay pending appeal. This Court notes that the opening statement is not evidence and was waived by both sides in this case. "[T]rial counsel's failure to make an opening statement * * * does not automatically establish the ineffective assistance of counsel." *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 189, 114 N.E.3d 1138. Line does not provide any argument as to how this was an error.

{¶13} Next, Line claims that counsel was ineffective for not fully cross-examining Thompson and not cross-examining Cooper at all. "The scope of cross-examination falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101, 848 N.E.2d 810. Line does not argue what would have been different if counsel had chosen a different strategy. Counsel cross-examined Thompson about the stop and Line was found not guilty on the charge of running the red light. However, the failure to come to a complete stop at the stop sign was evident on the video and supported by Thompson's testimony. Thompson and Cooper both testified as to the physical clues of alcohol consumption and impairment, including Line's admission. Given this evidence, Line offers no questions which could have been asked by counsel that would cause the trial court to find him not guilty. Line argues that the result would be different, but presents

no argument as to why this would be, just a conclusory statement that it would be. Conclusory statements alone are insufficient to find that counsel was ineffective. *See State v. Gibson*, 78 Ohio App.3d 501, 605 N.E.2d 441 (10th Dist. 1992).

{¶14} Line also claims counsel was ineffective for failing to make a closing argument and for not speaking in mitigation for Line at sentencing. The waiver of closing arguments is a tactical decision and is thus not ineffective assistance of counsel. *State v. Burke*, 73 Ohio St.3d 399, 405, 1995-Ohio-290, 653 N.E.2d 242, *State v. Frierson*, 8th Dist. Cuyahoga No. 105618, 2018-Ohio-391, ¶ 31, 105 N.E.3d 583 and *State v. Guysinger*, 4th Dist. Ross No. 15CA3514, 2017-Ohio-1167. Line does not argue with any specificity how this prejudiced him. Although this Court does recognize that counsel's performance may not have been optimal by making no arguments on behalf of her client, a review of the record along with the allegations in the brief do not point to any evidence which could have been argued that would have changed the outcome of the case. Prior to sentencing, Line spoke with the judge and he admitted having consumed some alcohol earlier in the day. Tr. 35-37. He also was able to ask for the trial court to reduce the sentence and the trial court considered this and permitted him to complete 20 of the 30 day jail sentence under house arrest. Tr. 39. No evidence in the record indicates that had the attorney made the argument, the outcome would have been different. Thus, the record does not show that the failure to make the arguments prejudiced Line.

-11-

Without a showing of prejudice, there can be no ineffective assistance of counsel. *Walker, supra.*

{¶15} Line also claims that counsel was ineffective for failing to ask for a stay of sentence pending appeal. A review of the record does not provide any indication that this would likely have changed the outcome. Additionally, having found that the conviction for the OVI was proper, the sentence would have to be served eventually anyway. Thus, there is no prejudice in any alleged error by counsel.

{¶16} Finally, Line claims that the cumulative effect of the errors resulted in him having ineffective assistance of counsel. "[A] judgment may be reversed if the cumulative effect of multiple errors deprives a defendant of his constitutional rights even though, individually, the errors may not rise to the level of prejudicial error or cause for reversal." *In re Guardianship of Clark*, 10th Dist. Franklin No. 09AP-96, 2009-Ohio-3486, ¶ 27. "Merely alleging multiple errors 'does not require reversal if those errors still, when taken in context of the entire trial, do not produce an unfair trial.'" *Ohio Dept. of Natural Resources v. Knapke*, 3d Dist. Mercer No. 10-14-03, 2015-Ohio-1691, ¶ 45, 33 N.E.3d 528. A conviction will only be reversed for the cumulative effect of errors where a defendant has been deprived of the right to a fair trial even though the individual errors do not provide a basis for reversal. *State v. Garner*, 74 Ohio St.3d 49, 64, 1995-Ohio-168, 656 N.E.2d 623. The doctrine does not apply unless multiple instances of harmless error are found. *Id.* This doctrine

has also been applied to multiple alleged errors of trial counsel. *City of Columbus v. Beasley*, 10th Dist. Franklin No. 17AP-629, 2019-Ohio-719. However when none of the alleged individual claims of ineffective assistance of counsel has merit, ineffective assistance of counsel is not established "by combining those unsuccessful claims together. *Id*. at ¶ 80. Here, all of Line's alleged errors by trial counsel have been determined to be meritless. Thus, there is no cumulative error. The first assignment of error is thus overruled.

{¶17} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Lima Municipal Court is affirmed.

*Judgment Affirmed*

**SHAW, J., and PRESTON, J., concur**

**/hls**